1 | **EDWIN C. SCHREIBER, SBN 41066**
**ERIC A. SCHREIBER, SBN 194851**
2 | **EAN M. SCHREIBER, SBN 284361**
**SCHREIBER & SCHREIBER, INC.**
3 | 166633 Ventura Boulevard  Suite 711
Encino, California 91436-2068
4 | Tel:  (818) 789-2577
Fax:  (818) 789-3391

6 | Attorneys for Plaintiff, Joel Leebove

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

**CV13-01024 PA (SHx)**

JOEL LEEBOVE, individually
and on behalf of a class of persons similarly
situated

               Plaintiff,

    vs.

WAL-MART STORES, INC.,
a Delaware corporation;

          Defendants

    Case No.

**CLASS ACTION**

**COMPLAINT FOR:**

**1. VIOLATION OF CIVIL CODE § 1747.08**

1    JOEL LEEBOVE ("PLAINTIFF"), on behalf of himself and all others similarly situated, for

2    this complaint, alleges as follows:

3                    **STATEMENT OF FEDERAL COURT JURISDICTION**

4    PLAINTIFF contends jurisdiction is proper in Federal Court under 28 U.S.C. § 1332 (d), CAFA

5    in that: 1. PLAINTIFF and DEFENDANTS are residents, citizens and domiciles of different states

6    (PLAINTIFF is an California citizen, domicile and resident, and DEFENDANT is a Delaware and

7    Arkansas citizen, domicile and resident); 2. This is a class action wherein there are in excess of 100

8    class members; 3. This is a class action wherein more than two thirds (2/3) of the class members are

9    citizens, domiciles and residents of states other than the DEFENDANT; 4. This is a class action which

10   seeks in excess of five million dollars ($5,000,000.00) in damages.

11                           **NATURE OF THE CASE**

12       1.    This is a class action brought on behalf of all natural persons who were California

13   residents and purchased merchandise (collectively "MERCHANDISE"), over the Internet, either

14   delivered to the customer's address, or picked up in store, from WAL-MART STORES, INC. ("WAL-

15   MART" or "DEFENDANT") by and through WAL-MART's Internet web site (www.walmart.com)

16   in line with any MERCHANDISE purchase by credit card, WAL-MART requires a customer to

17   provide a telephone number, and in certain cases, an address.  WAL-MART lists telephone number

18   and billing address  as required information and a transaction cannot be completed without first

19   providing this information to WAL-MART. That is, WAL-MART requires, as a condition of purchase,

20   that a consumer provide it with a telephone number and address  prior to allowing the customer to

21   make a credit card purchase.  This request is also made by and through the use of a pre-printed form,

22   which requires a consumer to fill in his or her phone number and/or address.  Requesting or requiring

23   a telephone number and/or address in line with a credit card transaction, and using a pre-printed form

24   to require a consumer to write this information violates the Song-Beverly Credit Card Act (Civil Code

25   § 1747.08).

26

27

28

# I.

## THE PARTIES

2.     PLAINTIFF is informed and believes and therefore alleges that: Defendant WAL-MART STORES, INC. ("WAL-MART" or "DEFENDANT") is now, and at all times relevant hereto was an is a Delaware corporation, and is the owner and operator of the website www.walmart.com. PLAINTIFF is further informed and believes and therefore alleges that WAL-MART's principal place of business and primary corporate offices and headquarters is located in Bentonville, Arkansas, yet operates and maintains in excess of two hundred of stores in the State of California.   All DEFENDANTS, including all DOE DEFENDANTS are collectively referred to as "DEFENDANTS."

3.     At all times herein mentioned, PLAINTIFF was and is a resident of Los Angeles California. On February 4, 2013, PLAINTIFF visited WAL-MART's website because he desired to and did, in fact purchase MERCHANDISE with a credit card, part of PLAINTIFF'S order was shipped to him, and part of his order was picked up in store.   PLAINTIFF was required to fill in various information on Defendant's pre-printed form in line with his purchase, including his name, home address, phone number, e-mail address, credit card number, credit card expiration date and the credit security code or CCID (credit card identification number).   The WAL-MART website, would not progress to the next page to complete the purchase until PLAINTIFF provided his telephone number and address and other required information.   That is, providing a telephone number and address was a requirement of completing the credit card purchase. Thereafter, PLAINTIFF provided WAL-MART with all the information it required, and completed the transaction, paying for the MERCHANDISE by and through his credit card.   PLAINTIFF is informed and believes and therefore alleges that WAL-MART captured and retained all of the information PLAINTIFF provided to WAL-MART in line with the transaction.

4.     PLAINTIFF's phone number was unnecessary to the completion of the shipping portion of his transaction. PLAINTIFF's phone number and address was unnecessary to the completion of the store pick up portion of his transaction.   PLAINTIFF was required to provide a valid photo identification to a WAL-MART employee before he was permitted to pick up his MERCHANDISE from a WAL-MART store.   WAL-MART did not need either PLAINTIFF's telephone number or

1   address in order for PLAINTIFF to pick up his order at a WAL-MART store because WAL-MART

2   had the opportunity to, and, in fact, did request and require PLAINTIFF to provide a photo

3   identification (a driver's license), and had the opportunity to, but did not request PLAINTIFF to

4   provide the actual credit card used for purchase. PLAINTIFF is informed and believes and therefore

5   alleges that WAL-MART's policy is to require a photo identification for all merchandise picked up in

6   store. PLAINTIFF further alleges that WAL-MART did not need or use PLAINTIFF's phone number

7   or address for fraud prevention because it had such opportunity in store to require a photo identification

8   the original credit card, or both. WAL-MART did not release any merchandise to PLAINTIFF until

9   it received a photo identification for all items picked up in store. Furthermore, for those items shipped

10  to PLAINTIFF, WAL-MART did not need a phone number, because, by receiving PLAINTIFF's

11  address, WAL-MART had an independent basis (the address) to verify the authenticity of

12  PLAINTIFF's credit card.

13      5.    PLAINTIFF is informed and believe and therefore alleges that all DEFENDANTS were

14  the agents and/or employees of each other and were acting in the course and scope of their employment

15  and/or agency with the permission and approval of all other DEFENDANTS throughout all times

16  herein alleged.

17                                    **II.**

18                          **JURISDICTION AND VENUE**

19      6.    This court has jurisdiction over this action because Defendants pursuant to 28 U.S.C.

20  § 1332 (d), under CAFA, the Plaintiff and Defendants are residents of different states, and more than

21  two thirds (2/3) of the class members are residents of states different from the principal DEFENDANT.

22  Furthermore, there are in excess of one hundred (100) class members and the aggregate of the claims

23  of all class members far exceeds five million dollars ($5,000,000.00).

24      7.    Venue is proper in this Court because pursuant to 28 U.S.C. § 1391 ( c),

25  DEFENDANT is deemed a resident of the Central District of California because DEFENDANT resides

26  in the Central District of California and DEFENDANT is subject to general personal jurisdiction in

27  the Central District of California because of their numerous and substantial contacts in the Central

28  District of California. Therefore, because, pursuant to 28 U.S.C. § 1391 ( c), DEFENDANT is

1  deemed to reside in the Central District of California, venue in the Central District of California is

2  proper under 28 U.S.C. § 1391 (a)(1).

3          8.    The DEFENDANT conducts and transacts business in the State of California

4  in that it solicits business, advertises and enters into contractual relations with California residents,

5  DEFENDANT is licensed to transact business in California, and DEFENDANT has its principal place

6  of business in California.  PLAINTIFFS therefore alleges that given the numerous and substantial

7  contacts it has with California, DEFENDANT is subject to general personal jurisdiction in the State

8  of California.

9  **III.**

10  **CLASS ALLEGATIONS**

11          9.    PLAINTIFF brings this action on behalf of himself and on behalf of a Class consisting

12  of:

13      A class of all natural persons who were California residents and within one

14  (1) year prior to the filing of the complaint in the within action who, in the course and scope of purchasing MERCHANDISE, which was either shipped to the consumer or picked up in store, and paying by credit card, was required

15  to provide a telephone number and/or address to WAL-MART in order to receive MERCHANDISE from WAL-MART, as a condition of paying by

16  credit card.  Excluded from the Class are the Court and any Court staff assigned to this matter, DEFENDANTS, their directors and officers and any

17  member of their immediate families.

18      PLAINTIFF seeks to certify two sub-classes consisting of all said persons as follows: for the first cause of action, all natural persons who were United

19  States residents and within one year prior to the filing of this action and up through the date of class certification in this action, were required to provide

20  their telephone number to WAL-MART (for those who had merchandise shipped to them), and their telephone number and address (for those who

21  ordered merchandise on-line and then picked that merchandise up in the store) as a condition of using their credit card for the purchase of MERCHANDISE

22  from WAL-MART, including having to write this information on a pre-printed form.

23

24        10.    <u>Numerosity of the Class</u>

25      The members of the Class are so numerous that separate joinder of each member is

26  impractical.  PLAINTIFF believes there are in excess of millions of current and former WAL-MART

27  customers that would be members of the Class. Although the exact number and identities of the Class

28  members are presently unknown to the PLAINTIFF, their number and identities can be readily

1  ascertained from the DEFENDANTS' records.

2       11.   <u>Existence and Predominance of Common Questions of Law or Fact</u>

3       Common questions of law and fact exist as to all members of the Class which predominate over

4  any questions affecting only individual Class members. These common legal and factual questions

5  include, but are not limited to, the following:

6      a.   Whether all persons who are current and former members of WAL-MART are bound

7          by WAL-MART's Terms and Conditions which contains a California choice of law

8          clause as well as a California venue clause.

9      b.   Whether all persons who are current and former customers of WAL-MART are

10          required to provide their telephone number and/or address as a condition of paying for

11          WAL-MART's merchandise by credit card, including having to write this information

12          on a pre-printed form;

13      c.   Whether each and every member of the class is entitled to statutory damages as a matter

14          of law;

15      d.   Whether each and every transaction between WAL-MART and class members is

16          virtually identical;

17      e.   Whether each and every member of the class is a victim of WAL-MART's unlawful

18          conduct in violation of the Song-Beverly Credit Card Act.

19       12.   <u>Typicality</u>

20       PLAINTIFF's claims are typical of the claims of the Class members, since he purchased

21  MERCHANDISE mailed from WAL-MART and was required to provide his telephone number and

22  address as a condition of using his credit card to obtain MERCHANDISE from WAL-MART (which

23  was both shipped to him and for which he had to pick up in-store and show a photo identification),

24  which is the same or substantially similar to what all other members of WAL-MART who wished to

25  pay by credit card were required to do, including having to write this information on a pre-printed form.

26  Furthermore because this lawsuit seeks to effect a change in conduct of the Defendants, and each of

27  them, and seeks to confer a significant benefit on, and the enforcement of a significant right upon the

28  public, because of the necessity of private enforcement and in the interests of justice, Plaintiff seeks

1    to recover attorney's fees under Code of Civil Procedure § 1021.5.

2         13.    Adequacy of Representation

3         PLAINTIFF will fairly and adequately represent and protect the interests of the Class.

4    PLAINTIFF's interests do not conflict with the interests of the Class members he seeks to represent.

5    PLAINTIFF has retained competent counsel experienced in complex class action litigation, including

6    deceptive trade practices.  PLAINTIFF intends to vigorously prosecute this action.

7         14.    Superiority

8         A class action is superior to other available methods for the fair and efficient adjudication of

9    this controversy. The damages suffered by each individual Class member are too small to justify the

10   burden and expense of individual prosecution, so that it would be virtually impossible for the members

11   of the Class to individually redress the wrongs done to them.  Even if the members of the Class

12   themselves could afford such litigation, the court system could not.  Individual litigation of the issues

13   raised by the DEFENDANT's conduct would increase the delay and expense to all parties and to the

14   court system. Therefore, this case is ideally suited for class treatment.

15                                   **IV.**

16                        **SUBSTANTIVE ALLEGATIONS**

17        15.    PLAINTIFF on February 4, 2013, visited WAL-MART's website because he desired

18   to and did, in fact purchase MERCHANDISE with a credit card.   As a condition of receiving

19   MERCHANDISE from WAL-MART (part of which was shipped to him and part of which he had to

20   pick up in store after showing a photo identification), PLAINTIFF was required to provide his

21   telephone number and address in order to complete his credit card purchase.  PLAINTIFF could not

22   complete his credit card transaction without providing WAL-MART with his telephone number and

23   address on WAL-MART's pre-printed form.  That is, providing a telephone number and address was

24   a condition of paying by credit card, as WAL-MART's website would not permit PLAINTIFF to obtain

25   MERCHANDISE from WAL-MART by credit card unless he first provided his telephone number and

26   address to WAL-MART.  The request for telephone number and address immediately precedes the

27   credit card payment and WAL-MART will not permit a customer to purchase their products by credit

28

1 | card unless they first provide WAL-MART with all of the requested information including a telephone
2 | number and address.

3 |     16.   WAL-MART both requests and requires customers to provide WAL-MART with
4 | personal information including, but not limited to the customer's telephone number and address as a
5 | condition of accepting a credit card as payment for WAL-MART's goods and services, either shipped
6 | to the consumer or picked up by the consumer in store, this information is also requested by and
7 | through the use of a pre-printed form which requires a consumer to provide his or her personal
8 | information to WAL-MART.

9 |     17.   PLAINTIFF is informed and believes, and therefore alleges that WAL-MART records
10 | each consumer's personal information, including, but not limited to a telephone number and address,
11 | in line with each credit card transaction, and keeps records of such personal information.

12 |     18.   PLAINTIFF is informed and believes, and therefore alleges that WAL-MART is not
13 | contractually obligated to provide a consumer's telephone number or address in order to complete the
14 | credit card transaction, nor is WAL-MART required to record a consumer's telephone number or
15 | address by federal law or state law or regulation.  Furthermore PLAINTIFF is informed and believes
16 | that even if the credit card processing company or companies required a valid billing address and
17 | CCID, under no circumstance would PLAINTIFF's telephone number be required to complete his
18 | transaction, that is, under no circumstance does WAL-MART need PLAINTIFF's telephone number
19 | in order to complete a MERCHANDISE sale transaction. PLAINTIFF is further informed and believes
20 | and therefore alleges that credit card companies do not use telephone numbers to verify the authenticity
21 | of a credit card.  Similarly, WAL-MART does not need PLAINTIFF' address or phone number for
22 | items picked up in store, because WAL-MART has the opportunity to request a photo identification
23 | (as is its policy) and even ask for the original credit card should it so choose, meaning WAL-MART
24 | has ample opportunity for fraud prevention without the need for a customer's phone number or address.
25 | Similarly, for shipped merchandise, WAL-MART does not need a consumer's telephone number
26 | because it has a shipping address which represents an independent basis of credit card verification, and
27 | PLAINTIFF is further informed and believes, and therefore alleges that WAL-MART does not under
28 | any circumstance use a telephone number to verify the authenticity of a credit card.

8

COMPLAINT

19.     WAL-MART does not require a consumer's telephone number or address for a special purpose incidental, but related to the individual credit card transaction, as a telephone number is unnecessary to complete the transaction, even one that involves shipping MERCHANDISE to an address.

20.     Pursuant <u>Civil Code</u> § 1747.08, the Court is required to award statutory penalties in the event it determines that the Song-Beverly Credit Card has been violated.  Plaintiff is informed and believes and therefore alleges that penalties could exceed $250,000,000.00

V.

**FIRST CAUSE OF ACTION**

<u>**VIOLATION OF CIVIL CODE § 1747.08 et seq.**</u>

(Against all DEFENDANTS, and Each of Them)

As and for a first cause of action against the DEFENDANTS, PLAINTIFF alleges as follows:

21.     PLAINTIFF hereby repeats and realleges Paragraphs 1-20 of this complaint as though fully set forth herein.

22.     PLAINTIFF on February 4, 2013, visited WAL-MART's website because he desired to and did, in fact purchase MERCHANDISE with a credit card.  In line with the transaction, PLAINTIFF was required to provide WAL-MART with his telephone number and address, which PLAINTIFF is informed and believes and therefore alleges that WAL-MART electronically recorded.

23.     WAL-MART both requests and requires customers to provide WAL-MART with personal information including a telephone number and address as a condition of accepting a credit card as payment for WAL-MART's goods.  This request is also made by and through the use of a pre-printed form which requires the consumer to provide the personal information to WAL-MART before the transaction can proceed. Additionally, WAL-MART does not need either a telephone number or address for an in-store pick up transaction because the consumer is required pursuant to WAL-MART's policies to provide a valid photo identification prior to releasing the merchandise.

24.     PLAINTIFF is informed and believes and therefore alleges that WAL-MART records each consumer's personal information, in line with each credit card transaction, and keeps records of such personal information.

25.     PLAINTIFF is informed and believes, and therefore alleges that WAL-MART is not contractually obligated to obtain a customer's telephone number or address in order to complete the credit card transaction, nor is WAL-MART required to record a consumer's telephone number or address by federal law or regulation.

26.     PLAINTIFF is informed and believes, and therefore alleges that WAL-MART is not required to obtain a consumer's telephone number for a special purpose incidental, but related to the individual credit card transaction.

27.     Pursuant Civil Code § 1747.08, the Court is required to award statutory damages in the event it determines that the Song-Beverly Credit Card has been violated.

28.     Pursuant Civil Code § 1747.08, the Court has discretion to award penalties of between one cent ($.01) and two hundred fifty dollars ($250.00) for each primary violation, per violation and between one cent ($.01) and one thousand dollars ($1,000.00) for each subsequent violation, per violation, of the Song-Beverly Credit Card Act.  PLAINTIFF seeks an award up to two hundred fifty dollars ($250.00) for the first violation and up to one thousand dollars ($1,000.00) for each subsequent violation of law, per class member.  Plaintiff believes penalties could exceed $500,000,000.00

29.     Therefore, PLAINTIFF and the class have been damaged in an amount to be proven at trial up to the maximum penalty within the Court's discretion as provided for under Civil Code § 1747.08.

30. PLAINTIFF also requests that he and the class be awarded attorney fees under Code of Civil Procedure § 1021.5, within the discretion of the Court.

### PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF prays judgment against DEFENDANTS and each of them, as follows:

### On All Causes of Action

1.     An order certifying that this action may be maintained as a class action appointing PLAINTIFF as designated the representative of the Class, and appointing PLAINTIFF's undersigned counsel as designated counsel for the Class.

2.     That PLAINTIFF and all members of the Class be awarded statutory penalties up to the legal maximum pursuant to Civil Code § 1747.08

2.     That PLAINTIFF and members of the Class be awarded costs of suit herein;

1       3.     That PLAINTIFF and members of Class be awarded such other relief as this Court deems just

2       and proper.

3       4.     That PLAINTIFF and all members of the Class attorney's fees pursuant to <u>Civil Code</u> § 1021.5.

4

5   DATED: February 11, 2013                **SCHREIBER & SCHREIBER, INC.**

6

7                        ERIC A. SCHREIBER, Attorneys for PLAINTIFF

8                        JOEL LEEBOVE individually, and on behalf of a
                       class of persons similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Joel Leebove, Individually and on behalf of a class of persons similarly situated | Wal-Mart Stores, Inc., a Delaware Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Edwin C. Schreiber, SBN 41066, Schreiber & Schreiber, Inc.<br>16633 Ventura Blvd., Suite 711<br>Encino, CA 91436: (818) 789-2577 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No        ☑ **MONEY DEMANDED IN COMPLAINT:** $ 250,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sec. 1332 (d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☑ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV13-01024

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arkansas, Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_     Date  2/11/13

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 1024 PA (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY